UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**MUDDY MOOSE, INC. dba MUDDY MOOSE RESTAURANT AND PUB**
**Route 16**
**North Conway, New Hampshire 03860**

**Plaintiff,**

**v.**

**THE MUDDY MOOSE, INC.**
**1160 Stafford Road**
**Tiverton, Rhode Island 02878**

**Defendant.**

**CIVIL ACTION**

[redacted] 05 165 T

## COMPLAINT

Plaintiff, Muddy Moose, Inc. by its attorneys, complaining of the Defendant, alleges:

### Jurisdiction, Venue and Parties

1. The Plaintiff, Muddy Moose, Inc. dba Muddy Moose Restaurant and Pub, is a corporation duly organized by the laws of the State of New Hampshire, having a usual place of business at Route 16, North Conway, New Hampshire. The Plaintiff is in the business of operating a restaurant and is the owner of trademarks and Federal Trademark Registrations for a family of "MUDDY MOOSE RESTAURANT AND PUB" trademarks.

2. On information and belief, the Defendant, The Muddy Moose, Inc., is a corporation duly organized under the laws of the state of Rhode Island, having a principal place of business at 1160 Stafford Road, Tiverton, Rhode Island. The Defendant is in the business of operating a restaurant.

3. The Court has jurisdiction under 15 U.S.C. §1121 and 28 U.S.C. §1338(a) in that this civil action arises under the Lanham Act, 15 U.S.C. §§1051 et seq.

4. The Court has jurisdiction on the unfair competition claims herein under the provisions of 28 U.S.C. §1338 in that the said claims are joined with a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C. §§1051 et seq. and jurisdiction also is found on the state and common law claims pursuant to the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5. The exercise of personal jurisdiction over the Defendant is proper, in that the Defendant's resides in the State of Rhode Island and Rhode Island is where the torts herein complained of occurred.

6. Venue is proper in this District under 28 U.S.C. §1391 in that this is the judicial district in which Defendant resides.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT AND THE TRADEMARK LAW REVISION ACT OF 1988

7. Plaintiff repeats and realleges paragraphs 1 through 6 and incorporates them herein by this reference.

8. Plaintiff is the owner of the trademarks "MUDDY MOOSE RESTAURANT & PUB," and "MUDDY MOOSE RESTAURANT & PUB plus design," and of the good will associated with the aforesaid trademarks and of U.S. Trademark Registrations numbers 2,731,236 and 2,733,895, both for "MUDDY MOOSE RESTAURANT & PUB plus design" and number 2,735,916 for "MUDDY MOOSE RESTAURANT& PUB" all for restaurants (Exhibits A, B and C), (hereinafter the "MUDDY MOOSE" trademarks). Registration numbers 2,731,236, 2,733,895 and 2,735,916 are prima facie evidence of the validity of Plaintiff's ownership and exclusive right to use the marks shown therein in commerce, and are constructive notice of ownership thereof, all as provided by Sections 8(b) and 22 of the Lanham Act and Trademark

Law Revision Act of 1988. Plaintiff's Federal statutory rights in the "MUDDY MOOSE" marks commenced June 7, 2001, the filing date of the applications resulting in Registrations 2,731,236, 2,733,895 and 2,735,916.

9. Plaintiff has been using the "MUDDY MOOSE" trademarks in connection with its restaurant business since at least as early as October, 1998.

10. Plaintiff reserved the name "MUDDY MOOSE" with the New Hampshire Secretary of State on August 27, 1998, then formed as a corporation in the State of New Hampshire on September 10, 1998 and registered its Trade Name, "MUDDY MOOSE RESTAURANT AND PUB," with the State of New Hampshire on January 26, 1999.

11. Since adopting its "MUDDY MOOSE" trademarks in connection with restaurant services, Plaintiff has enjoyed widespread use of its trademarks as an indication of the source of its services. Plaintiff has expended substantial amounts of money, time and effort in advertising, popularizing and promoting its "MUDDY MOOSE" trademarks so that the public has come to associate Plaintiff's trademarks with services originating with Plaintiff.

12. Plaintiff also refers to its business as "THE MOOSE" in advertising and Plaintiff and Plaintiff's customers often refer to the business as "THE MOOSE." Attached hereto as Exhibit D is a copy of an advertisement referring to Plaintiff as "the Moose" which advertisement appeared in a "Hotel Guest Information Directory" that is distributed in all the larger hotels in Plaintiff's area.

13. Plaintiff's restaurant is located in the heart of one of the major tourist areas in New England, namely the town of North Conway, New Hampshire, which is known for "tax free" outlet shopping malls, skiing at Mount Cranmore as well as numerous other summer and winter activities available in this White Mountain resort area. People from all over New England, and

particularly from Massachusetts, Rhode Island and Connecticut travel to North Conway because of its close proximity and tourist and shopping attractions. Because of this location, many of Plaintiff's customers travel from out-of-state including a substantial portion from Massachusetts and Rhode Island.

14. Beginning in the summer of 2004, Plaintiff learned that Defendant began operating a restaurant in Tiverton, Rhode Island, under the name "THE MUDDY MOOSE." Plaintiff learned of this activity when Plaintiff's customers traveling from Rhode Island began asking whether Plaintiff owns or manages the Tiverton restaurant. Such customer inquiries have continued to the present time.

15. On information and belief, Defendant began using the name "THE MUDDY MOOSE" and "THE MUDDY MOOSE COFFEE AND ICE CREAM" in 2004, subsequent to Plaintiff's first use of its "MUDDY MOOSE" trademarks and subsequent to commencement of Plaintiff's Federal statutory rights in its "MUDDY MOOSE" trademarks.

16. Upon learning of Defendant's use of "THE MUDDY MOOSE" in connection with its restaurant business, counsel for Plaintiff, on or about October 8, 2004, sent a letter to Defendant setting forth Plaintiff's trademark rights and requesting that Defendant cease use of the mark "THE MUDDY MOOSE." A true and correct copy of this letter is attached hereto as Exhibit E.

17. On or about December 10, 2004, and following an exchange of phone calls from Defendant's counsel and letters from Plaintiff's counsel seeking a substantive response to the October 8, 2004 letter, counsel for Plaintiff received a letter from counsel for Defendant denying infringement of the "MUDDY MOOSE" marks by Defendant based on a contention that the parties are geographically remote and proposing that Plaintiff make a monetary offer to

Defendant in exchange for changing its name. A true and correct copy of this letter is attached hereto as Exhibit F.

18. Plaintiff initiated a Civil Action for Trademark Infringement and related causes in the United States District Court for the District of New Hampshire on January 10, 2005 based on the facts set forth hereinabove, Case No. 1:05-cv-13 (hereinafter "the New Hampshire Action").

19. The parties negotiated toward settling the dispute but did not reach a final agreement as to the name that Defendant selected as a new name, namely, "THE MOOSE," which Defendant claims is the name by which it is often referred to by customers, and which Plaintiff deems an insufficient change to resolve the matter and eliminate customer confusion.

20. Plaintiff has been informed by the Rhode Island Secretary of State's office corporations Division that the name "THE MOOSE" is not registrable as a company name in Rhode Island because it is "deceptively similar" to the existing registered company name "THE MUDDY MOOSE."

21. Defendant thereafter filed a Motion to Dismiss the New Hampshire Action based on lack of personal jurisdiction, Plaintiff did not object to the Motion and the New Hampshire Action is set for dismissal by the Court in due course.

22. On information and belief, Defendant continues to use "MUDDY MOOSE" as the name of its business and Defendant's said use of Plaintiffs "MUDDY MOOSE" trademarks is made without Plaintiff's permission and with constructive and actual notice of Plaintiff's prior use and rights in the said trademarks for restaurant services and has caused confusion and is likely to cause further confusion, or to cause mistake, or to deceive.

23. Defendant's use of a Plaintiffs said trademarks, either in the form "THE MUDDY MOOSE" or "THE MOOSE" is made without Plaintiffs permission and with actual knowledge

and notice of Plaintiff's prior use and rights in the marks for restaurant services, and thus is an infringement of Plaintiff's Federally Registered trademarks for the unlawful purpose of causing confusion or mistake, or to deceive the public into believing that Defendant is associated with Plaintiff, all for the purpose of trading on the goodwill of Plaintiff's "MUDDY MOOSE" trademarks.

24. Defendant's actions have caused confusion, and are likely to continue to cause confusion, mistake or deception, all to Plaintiff's irreparable injury and Defendant's unjust enrichment and benefit in violation of 15 U.S.C. Sections 1114(a)(l) (Section 32 of the Lanham Act).

25. Plaintiff has no adequate remedy at law and has suffered and will continue to suffer irreparable harm if the acts of Defendant are allowed to continue.

## SECOND CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT AND THE TRADEMARK LAW REVISION ACT OF 1988

26. Plaintiff repeats and realleges paragraphs 1 to 25 of the Complaint and incorporates them herein by this reference.

27. The Defendant's use of Plaintiff's trademarks, made without Plaintiff's permission and with knowledge of Plaintiff's prior use and rights in its trademarks, trades on the goodwill which has developed in Plaintiff's trademarks and is a false and misleading representation of origin which has caused and is likely to continue to cause mistake or to deceive as to the affiliation, connection or association of Defendant with Plaintiff or as to the origin, license, sponsorship or approval of Defendant's services by Plaintiff.

28. The Defendant's acts as aforesaid constitute a false designation of origin and a false description or representation tending falsely to describe and represent the source of Defendant's

services which acts were intended to mislead the public into believing that Defendant is associated with Plaintiff's restaurant.

29. The Defendant's aforesaid acts are in violation of 15 U.S.C. §1125(a) (Section 43(a) of the Lanham Act).

30. The Defendant's activities are intentional acts and are causing confusion of the public to the detriment of Plaintiff and its business reputation and constitute a fraud on the public.

31. Plaintiff has no adequate remedy at law and will suffer irreparable harm if the acts of the Defendant are allowed to continue.

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT

32. Plaintiff repeats and realleges paragraphs 1 to 31 of the Complaint and incorporates them herein by this reference.

33. Plaintiff's many years of use of the "MUDDY MOOSE" trademarks in New Hampshire and in interstate commerce in connection with restaurant services establish common law trademark rights of Plaintiff in the said trademarks within the State of New Hampshire and surrounding New England area including in Rhode Island where Plaintiff's customers reside.

34. By reason of its use, the public and trade have come to identify the "MUDDY MOOSE" trademarks with the services of Plaintiff.

35. Defendant's use of the "MUDDY MOOSE" trademarks, either as "THE MUDDY MOOSE" or "THE MOOSE," has caused and is likely to continue to cause members of the public to believe that the Defendant's restaurant services are offered by way of a license or other agreement with Plaintiff.

36. Defendant's use of the "MUDDY MOOSE" trademarks, either as "THE MUDDY MOOSE" or "THE MOOSE," is being made without restriction and without the controls which would be present in a trademark license agreement and thus Plaintiff has no control over the manner and quality with which such trademarks are used by Defendant.

37. Defendant's use of the "MUDDY MOOSE" trademarks, either as "THE MUDDY MOOSE" or "THE MOOSE," has caused, and will continue to cause, a likelihood of confusion, mistake or deception, all to the Plaintiff's irreparable injury and Defendant's unjust enrichment and benefit in violation of Plaintiff's common law trademark rights and constitute a fraud on the public.

38. Plaintiff has no adequate remedy at law and has suffered and will continue to suffer irreparable harm if the acts of the Defendant are allowed to continue.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring the Defendant has infringed Plaintiff's "MUDDY MOOSE" trademarks, has competed unfairly with Plaintiff, and has injured Plaintiff's business and business reputation by its unauthorized use of Plaintiff's trademarks, and in so doing has willfully violated the applicable laws of the United States and the State of Rhode Island, all to the detriment of Plaintiff.

B. Enjoining and restraining, preliminarily and permanently, Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert, privity, or participation with them and each of them individually, and without bond, from doing, abiding, causing or abetting any of the following:

(i) directly or indirectly infringing Plaintiff's "MUDDY MOOSE" trademarks or any colorable imitation or confusingly similar facsimile thereof;

(ii) directly or indirectly using or copying Plaintiff's trademarks in a manner likely to cause confusion or mistake or to deceive customers, the purchasing public or the trade including, but not limited to "MUDDY MOOSE," "THE MUDDY MOOSE," and "THE MOOSE;"

(iii) engaging in any acts or activities directly or indirectly calculated to trade upon Plaintiff's trademarks or the reputation or goodwill of Plaintiff, or in any manner unfairly compete with Plaintiff;

C. Directing Defendant to cease all infringing activities above complained of, and to undertake corrective advertising sufficient to distance Defendant from Plaintiff.

D. Directing an accounting to be made of Defendant's sales and profits and that judgment be rendered against Defendant for:

(i) all profits derived by Defendant from the conduct of the above-complained activities and that such profits be trebled;

(ii) all damages sustained by Plaintiff on account of trademark infringement, unfair competition, false designation of origin, injury to Plaintiff's business reputation, and/or deceptive acts or practices and any other damage suffered by Plaintiff as a result of Defendant's acts herein described, and that such damages be trebled;

(iii) Plaintiff's attorneys' fees and costs pertaining to this action.

E. Awarding Plaintiff such other and further relief as this Court may deem proper.

Respectfully submitted,

Robert W. Smith (GCC)

Robert W. Smith - #1874
Armstrong, Gibbons & Gnys, LLP
155 South Main Street
Providence, Rhode Island 02903
401-751-1500
FAX 401-751-4124

April 20, 2005

# The United States of America

## CERTIFICATE OF REGISTRATION

### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*

*Director of the United States Patent and Trademark Office*

**Int. Cl.: 42**

**Prior U.S. Cls.: 100 and 101**

**Reg. No. 2,731,236**

# United States Patent and Trademark Office

**Registered July 1, 2003**

## SERVICE MARK
## PRINCIPAL REGISTER

MUDDY MOOSE, INC. (NEW HAMPSHIRE CORPORATION)
P.O. BOX 856
NORTH CONWAY, NH 03860

FOR: RESTAURANTS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 10-10-1998; IN COMMERCE 10-10-1998.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "RESTAURANT & PUB", APART FROM THE MARK AS SHOWN.

THE LINING AND STIPPLING IS A FEATURE OF THE MARK AND DOES NOT INDICATE COLOR.

SER. NO. 76-268,376, FILED 6-7-2001.

ROBERT LORENZO, EXAMINING ATTORNEY

# The United States of America

## CERTIFICATE OF REGISTRATION

### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*

*Director of the United States Patent and Trademark Office*

**Int. Cl.: 42**

**Prior U.S. Cls.: 100 and 101**

**Reg. No. 2,733,895**

## United States Patent and Trademark Office

**Registered July 8, 2003**

**SERVICE MARK**
**PRINCIPAL REGISTER**

MUDDY MOOSE, INC. (NEW HAMPSHIRE CORPORATION)

P.O. BOX 856

NORTH CONWAY, NH 03860

FOR: RESTAURANTS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 10-10-1998; IN COMMERCE 10-10-1998.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "RESTAURANT & PUB", APART FROM THE MARK AS SHOWN.

THE LINING AND STIPPLING ARE A FEATURE OF THE MARK AND DOES NOT INDICATE COLOR.

SER. NO. 76-268,375, FILED 6-7-2001.

ROBERT LORENZO, EXAMINING ATTORNEY

# The United States of America

## CERTIFICATE OF REGISTRATION

### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*

*Director of the United States Patent and Trademark Office*

**Int. Cl.: 42**

**Prior U.S. Cls.: 100 and 101**

**Reg. No. 2,735,916**

**United States Patent and Trademark Office** **Registered July 15, 2003**

**SERVICE MARK**
**PRINCIPAL REGISTER**

# MUDDY MOOSE RESTAURANT & PUB

MUDDY MOOSE, INC. (NEW HAMPSHIRE CORPORATION)
P.O. BOX 856
NORTH CONWAY, NH 03860

FOR: RESTAURANTS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 10-10-1998; IN COMMERCE 10-10-1998.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "RESTAURANT & PUB", APART FROM THE MARK AS SHOWN.

SER. NO. 76-268,377, FILED 6-7-2001.

ROBERT LORENZO, EXAMINING ATTORNEY

DDP
Direct Display
Publishing Co., Inc.
PO Box 451 • Bath, ME 04530
ddpgraphics@suscom-maine.net
207.443.4800
fax 207.443.9478

PROOF SHEET

Muddy Moose Restaurant & Pub

**Brake for the Moose!**

**It Could Change Your Life!**

Wilderness Grill • Little Hiker's Menu • Mountain Burgers
Trail Stomping Sandwiches • The Wildest Garden in the Valley
Fisherman Fred's Coastal Favorites
Ribs Smothered in our own Blackberry BBQ Sauce

**Main St., North Conway • 356-7696**

SPECIAL PROOF NOTICE: Please proofread your ad carefully as it is shown. Your ad has been updated for our new directory. Please make note of any changes.

**You must sign this proof sheet and return it to DDP by the due date whether there are any changes or not. Thank You.**

Please check one (X) and sign below:

X Approved, No Changes Needed

Signed, ____________

____ Approved with noted changes:

Name: (Please Print) ____________

*Graphics Department only:*

☐ Final Changes

☐ Transferred to Text

signed, ____________

GROSSMAN,TUCKER
PERREAULT&PFLEGER,PLLC

Intellectual Property Matters

55 South Commercial Street
Manchester, NH 03101 USA
603-668-6560 Fax-668-2970
www.GTPP.com

Steven J. Grossman Ph.D. (NH)
Teresa C. Tucker (NH)
Donald J. Perreault (NH, MA)
Edmund P. Pfleger (AZ)
Scott R. Faber (PA)
Kevin J. Carroll (NH, MA)
Jeffrey T. Placker (MA)

Patent Agent:
Richard D. Rhodes

October 8, 2004

VIA CERTIFIED MAIL

Sarah A. LeBlanc, Director
The Muddy Moose, Inc.
50 Charles Drive, Unit 2
Tiverton RI 02878

Re: MUDDY MOOSE, INC.
U.S. Trademark Registrations 2,731,236, 2,733,895 and 2,735,916
For "MUDDY MOOSE RESTAURANT & PUB"

Dear Ms. LeBlanc:

We represent Muddy Moose, Inc. of North Conway, New Hampshire (Muddy Moose) in connection with trademark matters. As you may know, Muddy Moose has been doing business as "Muddy Moose Restaurant & Pub" for over five years. In addition, Muddy Moose is the owner of U.S. Trademark Registrations Nos. 2,731,236, 2,733,895 and 2,735,916 for "MUDDY MOOSE RESTAURANT & PUB" and its logos for restaurant services. Muddy Moose is well known throughout New England and in many other parts of the country due to its unique picturesque location and views in the White Mountains.

We have recently learned of your use of the name "The Muddy Moose" and "The Muddy Moose Coffee & Ice Cream" in connection with an eating establishment in Tiverton. We first learned of your establishment from customers of Muddy Moose who knew of your establishment and thought it was somehow related to my client's business.

In view of the common identity of the parties' names and fields of business your use of "The Muddy Moose" as the name of an eating establishment is likely to confuse the public as to the source of the services. Hence, in order to avoid any possibility of further confusion, we must insist that your company immediately refrain from continuing to use "The Muddy Moose" or any other similar trademark or trade name in any manner associated with its business or any other goods or services that are similar or related to restaurant services.

In view of the likelihood of irreparable damage that will be suffered by my client if your company continues to use "The Muddy Moose" this matter must be resolved promptly.

We look to hear from you or your attorneys within ten days of the date of this letter advising as to the action you will be taking in response to this letter.

Yours truly,

Teresa C. Tucker

TMM002.ltrRI10.8.04

cc: Muddy Moose, Inc.

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sarah A. LeBlanc, Director
The Muddy Moose, Inc.
50 Charles Drive. Unit 2
Tiverton RI 02878

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Sarah A. LeBlanc ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

RECEIVED
OCT 18 2004
GROSSMAN, TUCKER, PERREAULT & PFLEGER, PLLC

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7002 0460 0000 3121 6031

PS Form 3811, August 2001 Domestic Return Receipt 102595-01-M-0381

TELEPHONE
617. 439.0975

TORTI
ATTORNEYS AT LAW
FLANAGAN
*A Professional Corporation*

FACSIMILE
617.371.2950

SIXTY STATE STREET
SUITE 700
BOSTON, MASSACHUSETTS 02109

December 8, 2004

Attorney Teresa C. Tucker
Grossman, Tucker Perreault & Pfleger, PLLC
55 South Commercial Street
Manchester, NH 03101

RECEIVED
DEC 10 2004
GROSSMAN, TUCKER, PERREAULT & PFLEGER, PLLC

RE: MUDDY MOOSE

Dear Ms. Tucker:

As discussed on Friday this letter will confirm my representation as co-counsel to Jeremiah R. Leary, Esq. in the above captioned matter. Our review of the facts, and our preliminary discussion and investigation, confirms the fact that your client has a registration on the principal register. As discussed the federal registrant cannot enjoin a local user until a likelihood of the registrant's expansion into that area is proven. The law of *Hanover Star Milling Co. v. Metcalf, 240 US 403* and its prodigy (*Thrifty Rent-a-Car v. Thrift Car, Inc*. 1st Cir. 1987) still applies. Even if you were to prove the likelihood of confusion under the first circuit test, the rights of a good faith junior user in a remote geographic area do not ripen until your clients Moose migrates into Southern New England or until our Muddy Moose moves North. Toward that end I would suggest that if there is any plan, such as a franchise prospectus or expansion plan, you forward them to this office. Here our Moose has not palmed off on your Moose and it does not appear there are any telltale signs of unfair competition or an adverse effect by either party on interstate commerce.

Lacking the threat to competition set forth above I would suggest that if your client is prepared to seek enforcement in the District of Rhode Island, that your client may wish to present my client an offer to change its name by adding a qualifier and in good faith presenting a monetary offer to defray those costs. I look forward to hearing from you at your earliest convenience. I can be reached at direct dial 508.520.0803.

Very truly yours,

John J. Flanagan

Cc: Jeremiah R. Leary, Esq.
M:\My Documents\MuddyMooseLTR12.04.doc

146 Main Street, Norfolk, Massachusetts 02056 • Tel: 508.541.4100 • Fax: 508.541.6050 • Email: jflanagan@torti.com