UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**Civil Action No. 05-165-T**

**MUDDY MOOSE, INC. dba**
**THE MUDDY MOOSE RESTURANT AND PUB,**

**Plaintiffs,**

v.

**THE MUDDY MOOSE, INC.,**
**Defendant.**

## ANSWER

The Muddy Moose, Inc. Defendant, now or formally a Rhode Island corporation Answers, in paragraphs corresponding to those paragraphs in Plaintiffs' complaint, as follows:

1. Defendant admits the allegations contained in paragraph 1 of Plaintiffs' complaint.

2. Defendant admits that Defendant is a Rhode Island corporation that has been incorporated under the name, The Muddy Moose, Inc. Defendant affirmatively avers that on May 10, 2005, the sole Shareholder elected to Amend the name of the Rhode Island corporation to "The Moose, Inc." and subsequently forwarded those articles to the Rhode Island Secretary of State. Defendant's business is a coffee and muffin shop.

3. Defendant acknowledges this honorable court has personal jurisdiction over the parties herein, as Defendant has alleged throughout the parties dealings, and affirmatively avers that the subject matter of said complaint is otherwise moot.

4. Defendant admits jurisdiction over the parties and avers the subject matter jurisdiction is moot.



3

5. Defendant admits jurisdiction over the parties is proper within the District of Rhode Island.

6. Defendant admits venue to be in the District of Rhode Island.

7. Defendant incorporates its answers to paragraphs 1 through 6.

8. Defendant admits the validity of Plaintiffs' trademarks, but denies it has taken any action in Rhode Island which has caused an action to ripen within the meaning of *Hanover Star Milling Co. v. Metcalf, 240 U.S. 403* and *Thrifty Rent a Car v. Thrift Car, Inc. 831 F. 2d 1177(1st Cir. 1987).*

9. Defendant neither admits nor denies the allegations contained in paragraph 9 of its complaint but leaves Plaintiff to its proof thereof.

10. Defendant neither admits nor denies the allegations contained in paragraph 10 of its complaint but leaves Plaintiff to its proof thereof.

11. Defendant neither admits nor denies the allegations contained in paragraph 11 herein but leaves Plaintiff to its proof thereof.

12. Defendant neither admits nor denies the allegations contained in paragraph 12 of Plaintiffs' complaint but leaves Plaintiff to its proof thereof. Defendant further affirmatively avers that said name "The Moose" is generic and not subject to protection in Common law Trademark or under the Lanham Act.

13. Defendant admits the Plaintiff is located in North Conway New Hampshire, but otherwise leaves the Plaintiff to its proof thereof.

14. Defendant admits that it operates a coffee and muffin shop in Tiverton Rhode Island but otherwise leaves Plaintiff to its proof thereof.

15. Defendant admits that it has operated under the name "The Muddy Moose" but

otherwise leaves Plaintiff to its proof thereof.

16. Defendant admits the allegations contained in paragraph 16.

17. Defendant admits it has alleged it has not infringed the Plaintiffs' marks, but otherwise affirmatively avers that leaves Plaintiff to its proof of why settlement discussion and proposals should be admitted and not stricken pursuant to the Federal Rules of Evidence.

18. Defendant admits that an action was instituted in the District of New Hampshire and affirmatively avers that said action was dismissed for lack of jurisdiction.

19. Defendant leaves Plaintiff to its proof thereof and affirmatively avers that settlement discussion should be stricken from the record pursuant to the Federal Rules of Evidence.

20. Defendant neither admits nor denies the allegations of paragraph 20 of Plaintiffs' complaint but leaves Plaintiff to its proof thereof.

21. Admit.

22. Defendant neither admits nor denies the allegations of paragraph 22 of Plaintiffs' complaint but leaves Plaintiff to its proof thereof.

23. Defendant denies the allegations contained in paragraph 23 herein of Plaintiffs' complaint.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiffs' complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff' complaint.

26. Defendant incorporates its answers to paragraphs 1 through 25.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiffs'

complaint.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiffs' complaint.

29. The Defendant denies the allegations contained in paragraph 29 of Plaintiffs' complaint.

30. The Defendant denies the allegations contained in paragraph 30 of Plaintiffs' complaint.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiffs' complaint.

32. Plaintiff incorporates paragraphs 1 through 31.

33. Defendant neither admits nor denies the allegations contained in paragraph 33 of Plaintiffs' complaint but leaves Plaintiff to its proof that it has been engaged for many years in interstate commerce.

34. Defendant neither admits not denies the allegations contained in paragraph 34 of Plaintiffs' complaint but leaves Plaintiff to its proof thereof.

35. Defendant denies the allegations contained in paragraph 35 of Plaintiffs' complaint.

36. Defendant neither admits not denies the allegations contained in paragraph 36 herein but leaves Plaintiff to its proof thereof.

37. Defendant denies the allegations contained in paragraph 37 of Plaintiffs' complaint.

38. Defendant denies the allegations contained in paragraph 38 of Plaintiffs' complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' complaint is moot.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' trademark rights have not yet ripened.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has suffered no actual confusion within the meaning of the Lanham act.

**FIFTH AFFIRMATIVE DEFENSE**

The Plaintiff is a foreign corporation which has not obtained authority to transact business in the State of Rhode Island therefore barring any claims to unfair competition as set forth in Plaintiffs' prayer for relief.

WHEREFORE Defendant prays that said complaint be dismissed.

The Muddy Moose, Inc. aka The Moose, Inc.
By its attorneys,

John J. Flanagan , (RI Bar #3099)
2348 Post Road, Warwick, RI 02886
401-732-4480
FAX(508) 541-6050

Dated: May 24, 2005

## CERTIFICATION

On the 2nd day of May, 2005 the undersigned sent a copy of the enclosed Answer To Robert W. Smith, Esq. Armstrong, Gibbons & Gnys, LLP, 155 South Main Street, Providence, RI 02903.

\\Ntserver\Jack\My Documents\MMooseAnswer5.24.05.doc